## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **Chicago Truck Drivers, Helpers & Warehouse** | : | **Civil Action** |
| **Workers Union (Independent) Pension Fund,** | : | |
| **by and through its Board of Trustees, Bernard** | : | |
| **Sherlock, John Rule, Michael Ramirez, Joseph** | : | |
| **Barton, R.J. Emerick, and Timothy Ryan,** | : | |
| **6500 W 65th Street, Suite 203,** | : | **No._____** |
| **Chicago, IL 60638,** | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **Temp-Tech Industries, Inc.,** | : | |
| **also d/b/a Green Way Glass &** | : | |
| **Mirror & Woodworking,** | : | |
| **6166 S. Sayre Avenue,** | : | |
| **Chicago, IL 60638,** | : | |
| | : | |
| **Defendant.** | : | |

## COMPLAINT

## INTRODUCTION

Plaintiffs Chicago Truck Drivers, Helpers & Warehouse Workers (Independent) Pension Fund, and Bernard Sherlock, John Rule, Michael Ramirez, Joseph Barton, R.J. Emerick, and Timothy Ryan, as Trustees of Chicago Truck Drivers, Helpers & Warehouse Workers (Independent) Pension Fund, through their undersigned counsel, bring this action against Defendant Temp-Tech Industries, Inc., also d/b/a Green Way Glass & Mirror & Woodworking, pursuant to the Labor Management Relations Act of 1947, as amended ("LMRA") and the Employee Retirement Income Security Act of 1974, as amended, ("ERISA"). Plaintiffs seek an order directing Defendant Temp-Tech Industries, Inc., also d/b/a Green Way Glass & Mirror & Woodworking, (1) to pay withdrawal liability to the Plaintiff Pension Fund; and (2) to pay all

delinquent amounts, interest, and liquidated damages currently owed to the Pension Fund, and that may become due and owing during the pendency of this litigation, plus attorneys' fees and costs.

## JURISDICTION AND VENUE

1.      Plaintiffs invoke the jurisdiction of this Court pursuant to Section 301(a) of the LMRA, 29 U.S.C. § 185(a); Section 4301(c) of ERISA, 29 U.S.C. § 1451(c); and Section 28 U.S.C. § 1331.

2.      Plaintiffs' business office is located in Cook County. Therefore, jurisdiction in the Eastern Division of the U.S. District Court for the Northern District of Illinois is appropriate.

3.      Venue is proper in this District pursuant to Section 301(a) of the LMRA, 29 U.S.C. § 185(a); Section 4301(d) of ERISA, 29 U.S.C. § 1451(d); and 28 U.S.C. § 1391.

## PARTIES

4.      Plaintiff Chicago Truck Drivers, Helpers & Warehouse Workers (Independent) Pension Fund ("Pension Fund") is a jointly-administered, multiemployer employee pension fund within the meaning of Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and Sections 3(2) and 3(37)(A) of ERISA, 29 U.S.C. §§ 1002(2) and (37)(A). The Pension Fund's business address is 6500 W 65th Street, Suite 203, Chicago, IL 60638.

5.      The Pension Fund is administered by a joint labor-management Board of Trustees in accordance with Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and exists for the exclusive purpose of providing retirement benefits to its participants and beneficiaries and defraying the reasonable expenses of administering the Pension Fund's plan of benefits, all in accordance with Section 404 of ERISA, 29 U.S.C. § 1104. The Pension Fund receives contributions and withdrawal liability payments from employers that are or were parties to

2

collective bargaining agreements with the International Brotherhood of Teamsters Local Union No. 710 (the "Union").

6.      Plaintiffs Bernard Sherlock, John Rule, Michael Ramirez, Joseph Barton, E.J. Emerick, and Timothy Ryan are Trustees of the Pension Fund pursuant to the Pension Fund's Restated Agreement and Declaration of Trust ("Pension Fund Trust Agreement"). *See Exhibit A, Pension Fund Trust Agreement.* Sherlock, Rule, Ramirez, Barton, Emerick, and Ryan are fiduciaries of the Pension Fund as such term is defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). Sherlock, Rule, Ramirez, Barton, Emerick, and Ryan's business address as Trustees of the Pension Fund is 6500 W 65th Street, Suite 203, Chicago, IL 60638.

7.      Defendant Temp-Tech Industries, Inc. ("Temp-Tech") is an employer within the meaning of Section 301(a) of the LMRA, 29 U.S.C. § 185(a); and Section 3(5) of ERISA, 29 U.S.C. § 1002(5). Temp-Tech also has been known or has done business as Green Way Glass & Mirror & Woodworking. Temp-Tech's principal place of business is 6166 S. Sayre Avenue, Chicago, IL 60638.

## FACTUAL BACKGROUND

8.      Temp-Tech has provided industrial glass services in the Chicagoland area.

9.      Temp-Tech has employed drivers represented by the Union pursuant to collective bargaining agreements negotiated with the Union. The relevant excerpts of the most recent such agreement are attached as *Exhibit B*.

10.      Pursuant to those collective bargaining agreements, Temp-Tech has contributed to the Pension Fund.

11.      On or about July 31, 2018, pursuant to a purported sale to Green Way Glass & Mirror & Woodworking and during the Pension Fund's Plan Year Ending March 31, 2019, Temp-

3

Tech stopped contributing to the Pension Fund, and thereby effectuated a complete withdrawal from the Pension Fund as such action is defined in Section 4203 of ERISA, 29 U.S.C. § 1383.

12.     On or about March 6, 2019, the Pension Fund assessed Temp-Tech with complete withdrawal liability in the amount of $416,408.71, with 80 quarterly installment payments of $3,224 to commence on or about April 1, 2019. *See Exhibit C, March 6, 2019 Withdrawal Liability Demand Letter.*

13.     In its demand on Temp-Tech, the Pension Fund made reference to Defendant's rights to make a request for review and to file for arbitration if Defendant disputed the Pension Fund's withdrawal liability assessment. *Exhibit C.*

14.     Temp-Tech has not made any withdrawal liability payments to the Pension Fund.

15.     Temp-Tech did not request review of the Pension Fund's withdrawal liability assessment within the meaning of Section 4219(b)(2) of ERISA, 29 U.S.C. § 1399(b)(2).

16.     Temp-Tech did not demand arbitration of this matter within the time period specified in Section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1), and is now precluded from doing so.

17.     On May 1, 2019, the Pension Fund wrote to Temp-Tech to inform it that it was in default of its withdrawal liability obligations, and that it had sixty (60) days to cure its default pursuant to Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5). *See Exhibit D, May 1, 2019 Notice of Default.*

18.     On October 10, 2019, the Pension Fund wrote to all addresses it had for both Temp-Tech and Green Way Glass & Mirror & Woodworking to inform Defendant that it had not responded to the Pension Fund's notice of default and that a failure to pay its withdrawal liability will result in further legal action. *See Exhibit E, October 10, 2019 Notice of Default.*

4

19.     The Pension Fund is still owed $416,408.71 in withdrawal liability, plus interest.

20.     As a result of its failure to respond, Temp-Tech has defaulted within the meaning of Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5), and 29 C.F.R. § 4219.31(b), and the entire amount of the remaining liability, payable as a lump sum, is due and owing.

21.     The Pension Fund is in "critical and declining status" under Section 305(b)(6) of ERISA, 29 U.S.C. § 1085(b)(6), and is projected to become insolvent within the next five (5) Plan Years.

## COUNT I
### Defendant Temp-Tech Industries, Inc., also d/b/a
### Green Way Glass & Mirror & Woodworking,
### Has Violated Section 515 of ERISA

22.     Plaintiffs incorporate by reference Paragraphs 1 through 21 above as though fully set forth herein.

23.     Defendant Temp-Tech Industries, Inc., also d/b/a Green Way Glass & Mirror & Woodworking, is in default within the meaning of Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5), and 29 C.F.R. § 4219.31(b), and the entire amount of remaining withdrawal liability is now due and owing.

24.     Section 4301(b) of ERISA, 29 U.S.C. § 1451(b), provides that the failure to make withdrawal liability payments when due shall be treated as a contribution delinquency under Section 515 of ERISA, 29 U.S.C. § 1145.

25.     By the foregoing conduct, Defendant Temp-Tech Industries, Inc., also d/b/a Green Way Glass & Mirror & Woodworking, has violated Section 515 of ERISA, 29 U.S.C. § 1145, and is liable under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), for the remaining withdrawal liability owed to the Pension Fund, plus interest, liquidated damages, and attorneys' fees and costs.

**WHEREFORE,** Plaintiffs pray that the Court enter judgment in favor of the Plaintiffs and:

(a)     Order Defendant Temp-Tech Industries, Inc., also d/b/a Green Way Glass & Mirror & Woodworking to pay all withdrawal liability owed to Plaintiff Pension Fund, plus interest, liquidated damages, and attorney's fees and costs; and

(b)     Order Defendant Temp-Tech Industries, Inc., also d/b/a Green Way Glass & Mirror & Woodworking to pay any additional amounts that may be found due and owing to Plaintiff Pension Fund during the pendency of this litigation, together with interest, liquidated damages, and attorney's fees and costs as mandated by ERISA; and

(c)     Order such other relief that the Court deems just and appropriate.

Respectfully submitted,

WILLIG, WILLIAMS & DAVIDSON

___s/    Linda M. Martin_____
LINDA M. MARTIN, ESQUIRE (Lead Counsel)
JESSICA R. BROWN, ESQUIRE
1845 Walnut Street, 24th Floor
Philadelphia, PA  19103
Office         (215) 656-3665
               (215) 656-3629
Facsimile      (215) 561-5135
Email  lmartin@wwdlaw.com
       jbrown@wwdlaw.com

*Counsel for Plaintiffs Chicago Truck Drivers,*
*Helpers & Warehouse Workers (Independent)*
*Pension Fund, and its Board of Trustees,*
*Bernard Sherlock, John Rule, Michael Ramirez,*
*Joseph Barton, E.J. Emerick, and Timothy Ryan*

Dated: _____, 2020

## **CERTIFICATE OF SERVICE**

I, Linda M. Martin, Esquire, hereby certify that I have this _____ day of _____

2020 forwarded a copy of the Complaint and exhibits in the foregoing matter to the persons listed

below, by certified mail, postage prepaid, United States Postal Service:

Eugene Scalia, Secretary
U.S. Department of Labor
Office of Public Affairs
200 Constitution Ave., N.W.
Room S-1032
Washington, DC 20210

Steven T. Mnuchin, Secretary
United States Department of Treasury
1500 Pennsylvania Avenue, N.W.
Washington, D.C. 20220

Gordon Hartogensis, Director
Pension Benefit Guaranty Corporation
1200 K Street, NW
Washington, DC 20005

_____s/___Linda M. Martin_____
LINDA M. MARTIN, ESQUIRE

Dated: _____, 2020

7